IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR HUSSAIN<br>*Plaintiff,*<br><br>v.<br><br>CABOT PERFORMANCE MATERIALS,<br>INC. a Division of CABOT<br>CORPORATION<br>*Defendant.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**PARTIES**

1. Plaintiff Amir Hussian ("Hussain") is an adult individual residing at 161 Blackwood Lane, Douglassville, PA 19518.

2. Defendant Cabot Performance Materials, Inc., a division of Cabot Corporation ("Cabot") is a duly constituted Massachusetts corporation with offices located at County Line Road, Boyertown, PA 19525.

**JURISDICTION AND VENUE**

3. Jurisdiction is predicated upon the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. Jurisdiction is further predicated against the doctrines of ancillary and pendent jurisdiction.

4. Venue in this District is proper pursuant to 28 U.S.C. §1391(b).

## FACTS

5.      On or about February 1998 Cabot hired Hussain to work as a Senior Manufacturing Engineer. Cabot classified Hussain as a professional and determined that he was exempt from the overtime requirements of the FLSA, 29 U.S.C. §213(a)(1).

6.      Cabot paid Hussain an annual salary of $74,000 in bi-weekly installments regardless of the hours actually worked by Hussain.

7.      During the almost four years that Hussain worked for Cabot he routinely worked between 50 to 70 hours per week.

## HUSSAIN'S PRIMARY DUTIES

8.      Although Hussain was given the title of Senior Manufacturing Engineer, and although he held a B.S. Degree in Metallurgical Engineering, Cabot structured Hussain's job to eliminate any independent judgment or decision making.

9.      Hussain was assigned to three buildings and he would routinely do an inspection to see how the manufacturing process had run over the previous night. Hussain would review the reports completed by the overnight operators and review e-mails regarding processing issues that may have occurred.

10.     Hussain would visit the plant to determine if there was anything needed to be done to ensure quality assurance. In the event that there was a problem with the equipment or some aspect of the process, Hussain might suggest that certain maintenance work be performed on the equipment. However, Hussain had no authority to order any equipment, equipment changes, changes in the process, or maintenance without approval from his superiors. In every

instance, he was required to consult with his superiors who were responsible for making the decisions for Cabot.

11.     On January 8, 2002, Cabot terminated Hussain's employment. In connection with that termination, Hussain made a demand for overtime compensation which had been wrongfully withheld by Cabot.

12.     In response, Cabot maintained that Hussain was properly classified as a professional under the FLSA exemptions.

### COUNT I
### (Violation of the Fair Labor Standards Act, 29 U.S.C. §216(b))

13.     The allegations of the foregoing paragraphs are hereby incorporated as if set forth at length herein.

14.     To be considered an exempt professional under the FLSA, an employee must be engaged in: work requiring knowledge of an advance type in the field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study; and work which requires the consistent exercise of discretion and judgment.

15.     The work and duties that Cabot assigned to Hussain did not require his advanced knowledge of metallurgical engineering.

16.     The work and duties that Cabot assigned to Hussain did not require that Hussain consistently exercise discretion and judgment in the performance of his job. Cabot structured the senior engineering position so that Hussain had no authority or power to make an independent

choice which was free from immediate direction or supervision and with respect to matters of significance at Cabot.

17. During the course of his work at Cabot, almost all of Hussain's duties were performed in strict accordance with standardized written procedures relative to specific systems or areas. At all times, Hussain knew there would be an immediate intervention by supervisors in any decision that he would suggest or make.

18. For the almost four years that Hussain spent at Cabot, he worked approximately a total of 1,000 hours of overtime for each year without any additional compensation.

19. Cabot knew or acted in reckless disregard of the requirements of the FLSA in determining that Hussain was an exempt professional and not entitled to overtime compensation.

20. Hussain is entitled to compensation of time and one-half for each hour worked in excess of 40 hours per week. Using Hussain's annual salary, overtime compensation rate is $53.37 per hour.

21. As a result of Cabot's willful or reckless conduct, Hussain is entitled to damages for the improper withholding of wages.

WHEREFORE, Plaintiff Amir Hussain, demands judgment in his favor and against Defendant, Cabot Performance Materials, Inc. a Division of Cabot Corporation in the following form of relief:

 e. An award of monetary damages for back wages in the amount of $_____;

 f. An award of liquidated damages equal to the amount of wages improperly withheld pursuant to 29 U.S.C. §216(b);

 g. An award of pre-judgment interest;

    h.    An award of attorneys fees and costs of suit; and

    i.    Such other and further relief as this court deems appropriate.

## COUNT II
### (Violation of the Pennsylvania Wage Payment and Collection Law 43 P.S. § 260.1 et seq.)

22. The allegations of the foregoing paragraphs are hereby incorporated as if set forth at length herein.

23. As set forth above, defendant's unlawful withholding of plaintiff's overtime compensation in the amount of $_____ for hours worked beginning in 1998 is a Violation of The Pennsylvania Wage Payment and Collection Law 43 P.S. § 260.1 et seq. (the "WPCL").

24. Under the WPCL, the employer is liable for an employees' principal amount of wages, liquidated damages in an amount equaled to 25%, and reasonable attorney's fees incurred in collecting same.

WHEREFORE, Plaintiff Amir Hussain, demands judgment in his favor and against Defendant, Cabot Performance Materials, Inc. a Division of Cabot Corporation in the following form of relief:

    e.    An award of monetary damages for back wages in the amount of $_____;

    f.    An award of liquidated damages equal to the amount of 25% of the withheld wages;

    g.    An award of pre-judgment interest;

    h.    An award of attorneys fees and costs of suit; and

    i.    Such other and further relief as this court deems appropriate.

    POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.

Date: June _____, 2002    BY:_____
    Charles V. Curley

**POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN & LOMBARDO, P.C.**

By: _____
    Charles V. Curley
    Attorney for Plaintiff

KOP:221372v1 4493-01
KOP:221549v1 4493-01

KOP:221372v1 4493-01
KOP:221549v1 4493-01