IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMIR HUSSAIN,  )<br>  )<br>        **Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>CABOT PERFORMANCE MATERIALS,  )<br>INC., A DIVISION OF CABOT  )<br>CORPORATION  )<br>  )<br>        **Defendant.**  )<br>  )<br>  ) | Case No.: 02-CV-3825 |

## ANSWER OF CABOT PERFORMANCE MATERIALS, INC. TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Cabot Performance Materials, Inc., a Division of Cabot Corporation (hereinafter "Cabot"), by and through its counsel, and for its answer to Plaintiff's Complaint, alleges and states as follows:

1. Defendant is without sufficient information to admit or deny the allegations of paragraph 1 of Plaintiff's Complaint, and therefore on that basis must deny each and every allegation made and contained in paragraph 1 of Plaintiff's Complaint.

2. In response to paragraph 2 of Plaintiff's Complaint, Defendant admits it is a division of Cabot Corporation. Defendant denies that Cabot Corporation is incorporated under the laws of Massachusetts. Defendant admits that it has an office located at County Line Road, Boyertown, PA.

155521

  3. Cabot admits that the plaintiff is asserting jurisdiction under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Cabot admits that the plaintiff is also asserting ancillary and pendent jurisdiction.

  4. Admitted.

  5. Admitted.

  6. Admitted.

  7. Denied.

  8. Denied.

  9. Cabot admits that Hussain was assigned to three buildings, routinely made inspections of the manufacturing process, and reviewed reports and other materials regarding processing issues. Cabot denies any implication that these were the only tasks that Hussain performed.

  10. Cabot admits that Hussain visited the plant and made a determination whether anything needed to be done to ensure quality. Cabot admits that Hussain might suggest certain maintenance work be done. Cabot denies each and every other allegation set forth in Paragraph 10.

  11. Defendant admits that it terminated Plaintiff's employment on January 8, 2002. Cabot denies each and every other allegation set forth in Paragraph 11.

  12. Defendant admits that it maintains that Hussain was properly classified as a professional under the FLSA exemption. Cabot denies each and every other allegation set forth in Paragraph 12.

## COUNT I
### (Violation of the Fair Standards Act, 29 U.S.C. § 216((b))

13.   Defendant incorporates herein by reference its response to paragraphs 1-12 of Plaintiff's Complaint and makes that its answer to paragraph 13 of Plaintiff's Complaint.

14.   Admitted.

15.   Denied.

16.   Denied.

17.   Denied.

18.   Cabot admits that Hussain did not receive additional compensation in connection with any purported "overtime" work. Cabot denies each and every other allegation set forth in Paragraph 18.

19.   Denied.

20.   Denied.

21.   Denied.

WHEREFORE, having fully answered the allegations set forth in Count I of the Complaint, Defendant respectfully requests that the Court dismiss Count I of the Complaint, enter judgement against Plaintiff and in favor of Defendant, and grant Defendant its costs and fees incurred herein, and such other relief as the Court deems just and proper.

## COUNT II
### (Violation of the Pennsylvania Wage Payment and Collection Law 43 P.S. § 260.1 et seq.)

22.   Defendant incorporates herein by reference its responses to paragraphs 1-21 of Plaintiff's Complaint and makes that its answer to paragraph 22 of Plaintiff's Complaint.

23.   Denied.

24.     Denied.

WHEREFORE, having fully answered the allegations set forth in Count II of the Complaint, Defendant respectfully requests that the Court dismiss Count II of the Complaint, enter judgment against Plaintiff and in favor of Defendant, and grant Defendant its costs and fees incurred herein, and such other relief as the Court deems just and proper.

Defendant denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Further answering, the defendant says that the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Further answering, the defendant says that plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation or repose, and/or other bars based upon the untimeliness of Plaintiff's claims.

### THIRD DEFENSE

Further answering, the defendant says that plaintiff's Complaint is barred by the doctrines of laches, waiver and estoppel.

### FOURTH DEFENSE

Further answering, the defendant says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

### FIFTH DEFENSE

Further answering, the defendant says that plaintiff's Complaint is barred by the doctrines of equitable estoppel and unclean hands.

## SIXTH DEFENSE

Further answering, the defendant says that plaintiff's Complaint is barred by plaintiff's failure to mitigate his damages.

## SEVENTH DEFENSE

Further answering, the defendant asserts payment as an affirmative defense to this action.

## EIGHTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case and hereby reserves the right to amend its Answer to assert any such defense or defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays for judgment in its favor and against Plaintiff for its costs incurred herein and for such other relief as deemed appropriate by the Court.

---

Neil S. Witkes (Attorney I.D. No. 37653)
Attorney for Defendant
Cabot Corporation

OF COUNSEL:

MANKO, GOLD, KATCHER & FOX, LLP
401 City Avenue, Suite 500
Bala Cynwyd, PA 19004
(484) 430-5700

155521-1

**CERTIFICATE OF SERVICE**

    I, Neil S. Witkes, hereby certify that a true and accurate copy of the foregoing Answer was filed with the above-captioned court, with a copy sent via first-class mail, postage pre-paid, this __ day of July, 2002, to:

>Charles V. Curley, Esq.
>475 Allendale Road
>King of Prussia, PA 19406
>Attorney for Plaintiff

                                          _____
                                          Neil S. Witkes

155521