**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMIR HUSSAIN, )<br>)<br>           **Plaintiff,** )<br>)<br>v.                                      )<br>)<br>CABOT PERFORMANCE MATERIALS, )<br>INC., A DIVISION OF CABOT          )<br>CORPORATION,                       )<br>)<br>           **Defendant.**   )  | Case No.: 02-CV-3825 |

**CABOT CORPORATION'S ASSENTED-TO
MOTION FOR PROTECTIVE ORDER**

NOW COMES defendant, Cabot Corporation ("Cabot"), and pursuant to Fed. R. Civ. P. 26(c), requests that this Court enter the Stipulated Protective Order, attached hereto as Exhibit "A." As grounds therefor, Cabot states the following:

1.     Rule 26(c) provides, in pertinent part:

> Protective Orders. (c) Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; . . . .

2.     As a general rule courts "have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure." Notes of Advisory Committee on Rules, Fed. R.

Civ. P. 26(c). The party seeking the protective order must show "good cause." Fed. R. Civ. P. 26(c). See SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244 (3d Cir. 1985).

3. Defendant, Cabot, is an international specialty chemical company. Plaintiff was employed as a Senior Manufacturing Engineer with Cabot.

4. Plaintiff has brought a claim for back payment of overtime wages as he alleges that he should have been classified as a nonexempt employee under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. In order to determine plaintiff's correct legal status under the FLSA, it is necessary to inquire into his work, duties and responsibilities at Cabot. As plaintiff worked on sensitive and proprietary manufacturing processes within Cabot, some of the necessary documents contain trade secrets, confidential matters and highly proprietary matters that Cabot would not want disclosed to the general public.

5. Due to the highly sensitive and proprietary nature of some of the relevant documents, Cabot, by its counsel, drafted a Stipulated Protective Order pursuant to Fed. R. Civ. P. 29(2), providing that disclosure of these confidential materials be made in a designated way. Cabot contends that these reasons provide "good cause" for the Stipulated Protective Order. Cabot is not seeking this Court to order that discovery may not be taken. Rather, it is requesting that this Court adopt the Stipulated Protective Order to which plaintiff's counsel has already agreed and order that discovery may be made in the manner outlined therein.

6. Plaintiff's counsel has assented to this Motion and to the Stipulated Protective Order.

For the reasons stated above, defendant, Cabot, respectfully requests that this Court order that the attached Stipulated Protective Order govern discovery in this matter.

Respectfully submitted by:

_____
John Traficonte (BBO# 541931)
Karen M. Connors (BBO# 630342)
*Admitted pro hac vice*
Cabot Corporation
Two Seaport Lane, Suite 1300
Boston, Massachusetts 02210
(617) 345-0100
**Attorneys for Defendant,**
**Cabot Corporation**

*Assented to by:*

_____
Charles V. Curley
Powell, Trachtman, Logan, Carrle,
Bowman & Lombardo, P.C.
475 Allendale Road
King of Prussia, PA 19406
(610) 354-9700

**Attorney for Plaintiff,**
**Amir Hussain**

3